Karamvir S.Dahiya
*Attorney*
DAHIYA LAW OFFICES, LLC
350 Broadway Suite 412
New York New York 10013
Tel: 212 766 8000
Fax: 212 766 8001
e-mail: karam@bankruptcypundit.com

via ECF

May 5, 2011

Hon. Joanna Seybert
U.S. Dist. Ct. EDNY
Long Island Court House
100 Federal Plaza
Central Islip NY 11722

Re: In re Ferrel L. Agard

Bankruptcy Petition 10-77338-reg

Civil Action 11-cv-01826-JS

Dear Judge Seybert:

We represent Ms. Ferrel L. Agard, the aforesaid debtor. We respectfully state that  Mr. Charles C. Martorana, attorney for MERS improperly requested this court (via letter dated May 5, 2011) to continue with the cross appeal that they had filed on March 8, 2011 against the appeal of the debtor.

The cross appeal was rendered a nullity as the MERS had filed a motion to reconsider and set aside the judgment. If MERS wants to appeal, they must file a fresh Notice of Appeal.

Mr. Martonrana himself stated in the bankruptcy court, that "this Court [bankruptcy court] retains jurisdiction to decide the instant Motion to Reconsider based upon Bankruptcy Rule 8002(b) which, as explained more fully herein, <u>provides that the filing of a motion to reconsider nullifies and renders ineffectual an earlier filed notice of appeal</u>, and thus tolls the time for appeal while the Bankruptcy Court considers a motion before it pursuant to

Bankruptcy Rule 9023 or 9024." <u>MERS's Reply Memorandum of La</u>w in Support of Motion to Partially Set Aside  and Reconsider Order. Docket Entry # 60 in Case No. 10-77338-reg


"The United States Supreme Court has held that motions to reconsider, to vacate, to set aside, or to reargue adverse judgments captioned under Federal Rules of Civil Procedure 55, 59, or 60 result in nullifying a previously filed notice of appeal until such postjudgment motions are decided. *In re Wills Motors, Inc*., 133 B.R. 303, 306 (Bankr. S.D.N.Y. 1991) ("debtor argues that SAAB's notice of appeal, which was filed with this court, divested the court of authority to entertain its motion under Rules 55(c) and 60(b)(6). The court does not find this argument persuasive.") quoting *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, (1982). "This holding has been codified in Bankruptcy Rule 8002(b) which declares that a notice of appeal filed before the disposition of a motion seeking amendment or vacation of an order or a new trial is tolled and of no effect until the entry of the order denying the motion, at which time a new notice of appeal must be filed." 133 B.R. at 306. In that case, the court held that "SAAB's previously filed notice of appeal does not divest this court of authority to determine SAAB's post-judgment motion." *Id*. Supra MERS Reply Memo.


"A pendency of a motion for reconsideration should knock out the appeal, just as in the civil and bankruptcy settings. . . if and when his motion to reconsider is denied, . . . will have to file a new notice of appeal if he wants to appeal from the denial of the motion or from the original judgment (or from both). The first notice of appeal was not merely suspended when he filed his motion to reconsider; it lapsed. See Averhart v. Arrendondo, 773 F.2d 919 (7th Cir.1985); Muhammad v. DeRobertis, supra."  <u>826 f2d 610 united states v. gargano</u> (7th Cir. 1987).

Wherefore Your Honor, it is respectfully submitted that  MERS will have to file a New Notice of Appeal if it is within time limits. Thank you for consideration.

Sincerely:

*karamvir s. dahiya*

**Karamvir S. Dahiya, Esq. for F. Agard**